IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT YOUNG, :

   Plaintiff, :

                                       Case No. 3:07cv030

   vs. :

                                       JUDGE WALTER HERBERT RICE

R.E. GARRISON TRUCKING, INC. :

   Defendant. :

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO
VACATE JUDGMENT AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT (DOC. #15), WITHOUT PREJUDICE TO PLAINTIFF
FILING AMENDED COMPLAINT; CAPTIONED CAUSE REMAINS
TERMINATED

---

Defendant R.E. Garrison Trucking, Inc. ("Garrison"), failed to answer the Complaint filed by Plaintiff Robert Young, thus prompting Young to file a Motion for Default Judgment, which the Court duly sustained. Doc. #10; Not. Order dtd. Jan. 14, 2008. The Court then convened a hearing on the issue of damages, to which the Defendant did not appear, at which time the Court assessed damages and entered judgment in favor of the Plaintiff. Docs. #12, #13. Seventeen days later, the Defendant made its first appearance in this case, by filing the Motion to Vacate Judgment and Dismiss Plaintiff's Complaint that is the subject of present consideration. Doc. #15.

The Court will begin its analysis by setting forth more specifically the

procedural history and pertinent facts of this case. Following that, it will discuss the relevant legal standards and apply those to the case before it.

I.  Applicable Facts and Procedural History

    A.  Applicable Facts

According to the Complaint, Young began working for Garrison as a truck driver, in 2000. Doc. #1 ¶ 5. Young worked as an independent contractor, owning and operating his own truck and, thus, Garrison did not take income tax or social security withholdings from Young's pay checks. Id. ¶ 6. Shortly after establishing the working relationship with Garrison, Young attended an orientation session, during which he was offered accidental insurance coverage through Garrison. Id. ¶¶ 7-8. Young elected coverage under this policy, without obtaining other insurance coverage that he had researched, after Garrison had assured him that he would be covered under its policy and that no additional coverage was necessary. Id. ¶¶ 9, 19-20.

On October 18, 2000, Young was involved in an accident while driving for Garrison, after which he underwent total knee replacement surgery for injuries sustained in the accident. Id. ¶¶ 11-12. Young initially applied for and received temporary disability benefits under the insurance policy he had obtained through Garrison. Id. ¶ 13. Unable to return to work, he eventually sought continuous total disability benefits under the policy, but was denied the same, since he had not

been granted a Social Security Disability award (because he had not contributed into Social Security for the required number of quarters), which was a prerequisite to such coverage. Id. ¶¶ 14-17.

After Young exhausted his administrative remedies with the insurance company, he filed the present suit wherein he brought a claim for estoppel, claiming that Garrison misrepresented that, if he became disabled as a result of a work related injury, he would be entitled to benefits under the subject insurance policy and that he did not need to obtain other insurance coverage. Id. ¶¶ 18, 22-26.

B. Procedural History

Young filed his Complaint on January 29, 2007. Doc. #1. As to the Court's jurisdiction over the subject matter of this litigation, he avers as follows:

- Jurisdiction is premised on 28 U.S.C. § 1332 *et seq.*[1] Id. ¶ 3.

- In the caption, notes that Young's address is in Florida and Garrison's is in Alabama. Id. at 1.

- In party identification section, indicates that Young is a "citizen of the State of Ohio". Id. ¶¶ 1-2.

- As to damages, notes that as a result of Garrison's conduct, he suffered emotional and pecuniary damages. Id. ¶ 27.

---

[1] It is unclear why the Plaintiff added the "*et seq.*", in that he appears to be averring only diversity jurisdiction, which is fully contained in 28 U.S.C. § 1332. Having no indication to the contrary, the Court, for purposes of this Opinion, will assume that he intended to proceed only under 28 U.S.C. § 1332.

- In his prayer for relief, asks for disability benefits he would have received but for Garrison's misrepresentations, as well as interest, attorney fees and costs. Id. at 4.

Garrison never answered the Complaint and, upon motion by Young, the Court entered default judgement against Garrison, on the issue of liability. Not. Order dtd. Jan. 14, 2008. The Court subsequently conducted a hearing on the issue of damages, at which Garrison did not appear, wherein it assessed damages against Garrison, in the amount of $805,050, plus interest and costs. Doc. #12. Seventeen days after the entry of final judgment, Garrison filed the Motion to Vacate Judgment and Dismiss Complaint that is presently before the Court. Doc. #15.

II. Motion to Vacate Judgment

The Defendant argues that the default judgment against it is void, because the Court lacked subject matter jurisdiction over this case, given the Plaintiff's failure to adequately plead diversity of citizenship and the amount in controversy. The Plaintiff responds by arguing that the Complaint can be read to contain both an allegation pertaining to diversity of citizenship and an adequate statement concerning the amount in controversy. Alternatively, the Plaintiff contends that the Court can look to other evidence on the record, i.e., the damages assessment hearing, to satisfy its pleading deficiencies or that his Complaint should be deemed amended to conform to the evidence adduced at the damages hearing. Doc. #19.

4

A.  Diversity Jurisdiction, 28 U.S.C. § 1332

The Federal Rules of Civil Procedure provide that a pleading that states a claim for relief must contain, among other things, "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. Proc. 8(a)(1). With regard to a federal court's jurisdiction based on diversity, 28 U.S.C. § 1332 provides the basis therefor and provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "[a] plaintiff properly invokes . . . § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S.Ct. 1235 (2006) (citing 28 U.S.C. § 1332(a)). As to the requirement that the parties be citizens of different states, the Code further provides that "a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

B.  Motion to Vacate Judgment, Federal Rule Civil Procedure 60(b)(4)

Rule 60 of the Federal Rules of Civil Procedure allows courts to grant relief from final judgments, in certain instances. Pertinent to the present case is the following portion of that Rule: "On motion and just terms, the court may relieve a

5

party or its legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void . . . ." Fed. R. Civ. Proc. 60(b)(4). On this point, the Sixth Circuit instructs as follows:

> If the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4). A judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter . . . .

Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir. 1995) (quoting United States v. Indoor Cultivation Equipment, 55 F.3d 1311, 1317 (7th Cir. 1995) and In re Edwards, 962 F.2d 641, 644 (7th Cir. 1992)). The Defendant argues that the default judgment against it is void, because the Court lacked subject matter jurisdiction over this case, given the Plaintiff's failure to adequately plead diversity of citizenship and the amount in controversy.

As to the allegation of a failure to adequately plead jurisdiction, the Plaintiff's response is two-fold. First, he argues that he adequately pled diversity of citizenship by noting the parties' addresses in the caption of the Complaint. Doc. #19 at 1-2. (Actually, his argument is more aggressive, in that he suggests that the addresses indicate that he was a "citizen of Florida" and that Garrison's "principle [sic] place of business [was] in Alabama." Id.) Next, Young argues that the amount in controversy can be gleaned by the general allegations of damages in the Complaint (e.g., seeking disability benefits he would have received but for Garrison's misrepresentations). Alternatively, he contends that the Court may look to other evidence in the record to determine the amount in controversy and that his

6

proposed Findings of Fact and Conclusions of Law, relative to the damages hearing, is sufficient. Id. at 2-3 (citing Doc. #11).

In reply, the Defendant suggests that jurisdiction must appear in the statement of the claim, rather than the caption and, furthermore, that the simple notation of an address does not equate to an averment of citizenship. For example, the Defendant points out that the present Complaint notes in the caption that the Plaintiff's address is in Florida, yet avers that he is a citizen of the State of Ohio. See also id. (Pl.'s Mem. Resp.) at 1 (wherein Plaintiff argues that he is a citizen of Florida).

The Court finds that the Complaint does not adequately allege diversity of citizenship. As noted above, the Rules of Civil Procedure require "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. Proc. 8(a)(1). Setting aside the issue of the amount in controversy, the Complaint does not contain any such statement with regard to the citizenship of the Defendant. The notation of a mailing address does not equate to an averment of a principal place of business and a place of incorporation, as required by 28 U.S.C. § 1332(c)(1). See Vaughn v. Holiday Inn Cleveland Coliseum, 56 Fed. Appx. 249, 250 (6th Cir. 2003) ("Because a corporation is considered a citizen of both its place of incorporation and its principal place of business, see 28 U.S.C. § 1332(c)(1), a plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of

7

business.") (citing <u>Acwoo Intern. Steel Corp. v. Toko Kaiun Kaish, Ltd.</u>, 840 F.2d 1284, 1290 (6th Cir. 1988)); <u>Strain v. Harrelson Rubber Co.</u>, 742 F.2d 888, 889 (5th Cir. 1984) (finding complaint did not establish subject matter jurisdiction, because it only alleged residency for the businesses, rather than citizenship).

Because the Court finds that the Complaint was defective, with regard to its failure to allege diversity of citizenship, it finds it unnecessary to resolve the question of whether it is appropriate to look to the other documents on the record to overcome the Plaintiff's failure to also allege the amount in controversy.[2] Because the judgment is void, due to the Court's lack of jurisdiction over the Plaintiff's claim, the Defendant's Motion to Vacate Judgment is well-taken and will be sustained, unless the Court is persuaded by the Plaintiff's argument regarding the amendment of the Complaint to conform to the evidence, as discussed immediately below.

> C. <u>Amendment of Complaint to Conform to Evidence Adduced at Damages Hearing, Federal Rule Civil Procedure 15(b)</u>

The Plaintiff next argues that if the Court finds that his Complaint fails to establish subject matter jurisdiction, on its face, it should be deemed amended, pursuant to Federal Rule Civil Procedure 15(b), to conform to the evidence adduced

---

[2]The Court further concludes that the general allegations of damages in the Complaint do not provide a sufficient short and plain statement that indicates that the amount in controversy exceeds the sum of $75,000, as required by Rule 8(a)(1) and 28 U.S.C. § 1332(a).

at the damages hearing. Doc. #19 at 6 (citing Schultz v. Cally, 528 F.2d 470 (3d Cir. 1975)). In particular, the Plaintiff points to the fact that the Court held, as a result of that hearing, that the Plaintiff sustained damages in the amount of $805,050, which is well in excess of the required $75,000. Doc. #13.

While it is true that Rule 15 allows for amendments to pleadings "to conform them to the evidence and to raise an unpleaded issue," in certain instances,[3] the Plaintiff here has failed to point to any evidence that was presented earlier in this litigation that established the citizenship of the parties. Thus, setting aside the amount in controversy issue, Rule 15(b) does not cure the pleading deficiency, as to the citizenship issue.

Given the Court's previous decision that the default judgment is void, due to the Complaint's failure to allege the Court's jurisdiction over the Plaintiff's claim, and the present determination that the Complaint will not be deemed amended to

---

[3]In particular, the Plaintiff urges the Court to apply subparagraph (b)(2) of Rule 15, which reads as follows:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. . . .

Fed. R. Civ. Proc. 15(b)(2). The Defendant argues that this provision does not apply in the present case, however, because the issue of the Court's jurisdiction was not "tried by the parties' express or implied consent," given that it did not make an appearance prior to the rendering of judgment. The Court finds it unnecessary to resolve this question, however, given its decision herein regarding the lack of cure as to the diversity of citizenship issue (as opposed to the amount in controversy issue) at the assessment of damages hearing.

cure that deficiency, under Rule 15(b), the Defendant's Motion to Vacate

Judgment (Doc. #15) is SUSTAINED.[4]


III. <u>Motion to Dismiss, Federal Rule Civil Procedure 12(b)(1)</u>

   A. <u>Standard for Motion to Dismiss under Rule 12(b)(1)</u>

This Court has previously recognized that the procedural framework for ruling on a motion to dismiss, brought under Federal Rule of Civil Procedure 12(b)(1), is as follows:

> Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a factual attack, . . . no presumptive truthfulness applies to the factual allegations. Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion."

<u>McGuire v. Ameritech Servs.</u>, 253 F. Supp. 2d 988, 993-94 (S.D. Ohio 2003) (quoting <u>Ohio Nat'l Life Ins. Co. v. United States</u>, 922 F.2d 320, 325 (6th Cir. 1990)); Fed. R. Civ. P. 12(b)(1). In this case, the Defendant brings a facial attack on the Court's subject matter jurisdiction, as alleged in the Plaintiff's Complaint. Thus, the Court will presume the truth of the facts as alleged. As to the burden of

---

[4]While this decision may seem harsh, given the Defendant's previous failure to make an appearance in this case, the Court reminds the Plaintiff of the equitable maxim that "he who seeks equity must do equity." <u>Koster v. (American) Lumbermens Mut. Casualty Co.</u>, 330 U.S. 518, 522, 67 S. Ct. 828 (1947).

proof in a 12(b)(1) challenge, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Davis v. United States, 499 F.3d 590, 594 (6th Cir. 2007) (quoting Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)).

B.  Analysis of Present Case

The Defendant argues that the Complaint must be dismissed, since it does not properly allege jurisdiction. The Plaintiff responds to this Motion only by means of his general rebuttal to the Defendant's characterization of his Complaint as being deficient, as discussed above. Because the Plaintiff's Complaint fails to properly allege diversity of citizenship, as required by 28 U.S.C. § 1332(a)(1), the Court lacks subject matter jurisdiction over this case. The Court notes, however, that the Complaint and relevant record material contain an inference of diversity, i.e., the addresses of the parties in the caption and the averment of the Plaintiff's citizenship in the Complaint (as opposed to establishing diversity), as described *supra*. Thus, to balance the equities in this case, the Court will give the Plaintiff an opportunity to amend the Complaint, within 10 calendar days from date and within the strictures of Rule 11, should the proper diversity facts exist. In sum, therefore, the Defendant's Motion to Dismiss (Doc. #15) is SUSTAINED, without prejudice to the Plaintiff filing an Amended Complaint.

IV.     Conclusion

The Defendant's Motion to Vacate Judgment and Motion to Dismiss Plaintiff's Complaint (Doc. #15) is SUSTAINED, without prejudice to the Plaintiff filing an Amended Complaint, within 10 calendar days from date.

Until such time as the Amended Complaint is filed, the captioned cause remains terminated on the docket records of this Court.


March 9, 2009


                                           /s/ Walter Herbert Rice
                                           WALTER HERBERT RICE, JUDGE
                                           UNITED STATES DISTRICT COURT


Copies to:
Counsel of record